UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY CABIN,

                                      Plaintiff,

v.                                                       Civil Action No. _____

MEL S. HARRIS AND ASSOCIATES LLC

                                      Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Anthony Cabin is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Mel S. Harris & Associates, LLC is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff allegedly incurred a credit card debt to HSBC. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter allegedly defaulted on the subject debt.

12. That upon information and belief Defendant was employed to collect on the subject debt.

13. That in or about October of 2012, Defendant filed a lawsuit on behalf Crown Asset Management LLC against the Plaintiff in Tonawanda City Court in an attempt to collect on the subject debt. Plaintiff filed an Answer to the Complaint which prompted the Tonawanda City Court to schedule a status conference for April 18, 2013. Upon receiving notice of the conference, Plaintiff then retained legal counsel to represent him in this matter.

14. That in or about April 18, 2013, Plaintiff's legal counsel appeared in the Tonawanda City Court for a status conference. Defendant failed to attend this conference and as a result the Tonawanda City Court sent a letter dated April 18, 2013 to both Plaintiff's Attorney and Defendant rescheduling the status conference for July 10, 2013.

15. That in or about June 28, 2013, Plaintiff received call from the Defendant regarding the July 10, 2013 status conference with the Tonawanda City Court. During this call, Plaintiff asked the Defendant why they were calling him as he has legal counsel representing him in this matter. In turn, Defendant stated that it had no record of legal counsel for Plaintiff even though the April 18, 2013 letter from the Tonawanda City Court clearly states Plaintiff's legal counsel's information. Defendant also in this conversation failed to cite the mini Miranda warning.

16. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

17. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 16 above.

18. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692c(a)(2) by contacting Plaintiff after it knew that the consumer was being represented by an attorney.

    B. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to communicate the mini-Miranda warning.

19. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: July 12, 2013

    /s/ Seth J. Andrews_____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
    khiller@kennethhiller.com